**In re Petition for DISCIPLINARY ACTION AGAINST Nathaniel Patrick HOBBS, a Minnesota Attorney, Registration No. 336932.**

No. A11–1999.

Supreme Court of Minnesota.

May 16, 2012.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Nathaniel Patrick Hobbs committed professional misconduct warranting public discipline, namely misappropriation of third-party and client funds, trust account shortages and failure to keep required trust account books and records, incompetently handling multiple client matters, neglect of multiple client matters, non-communication with multiple clients, failure to attend court hearings, making false statements and fabricating documents to conceal misconduct, practicing law while fee-suspended, and non-cooperation in the Director's investigation. The petition alleges that respondent's conduct violated Minn. R. Prof. Conduct 1.1, 1.3,

**814**

1.4, 1.5(a) and (b), 1.15(a), (c)(5) and (h), 3.2, 3.4(c), 4.1, 5.5(a), 8.1(b), and 8.4(c) and (d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admitted the allegations of the petition, waived his procedural rights under Rule 14, RLPR, and entered into a stipulation with the Director in which they jointly recommended that the appropriate discipline is an indefinite suspension with no right to petition for reinstatement for three years.

Following submission of the stipulation, this court ordered the parties to show cause as to why respondent should not be disbarred in light of the professional misconduct to which respondent admitted. *In re Hobbs*, No. A11–1999, order at 2 (Minn. filed Dec. 29, 2011). The court received memoranda from the Director and respondent. The court also heard oral argument on the appropriate discipline to be imposed in this case.

Based on all the files, records, and proceedings herein, the court approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Nathaniel Patrick Hobbs is indefinitely suspended from the practice of law, effective 14 days from the date of filing of this order, with no right to petition for reinstatement for a minimum of three years from the date of this order. Respondent may petition for reinstatement pursuant to Rule 18(a)–(d), RLPR. Reinstatement is further conditioned upon successful completion of the professional responsibility portion of the state bar examination and satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals) and shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/ Alan C. Page
Associate Justice

PAUL H. ANDERSON, J., took no part in the consideration or decision of this case.